# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ABDUL MOHAMMED, | ) |
| Plaintiff, | ) |
| | ) Case No. 18 C 2503 |
| v. | ) |
| | ) Judge Jorge L. Alonso |
| DUPAGE LEGAL ASSISTANCE FOUNDATION, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

*Pro se* plaintiff Abdul Mohammed has filed a four-count second amended complaint against defendants DuPage Legal Assistance Foundation ("DLAF"), Ceclia Najera, and Robin Roe, alleging violations of the Americans with Disabilities Act ("ADA") and claims of conspiracy and intentional infliction of emotional distress. Before the Court is defendants' motion to dismiss [19] pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the motion is granted. Civil case terminated.

## BACKGROUND

The Court previously identified several concerns it had with the adequacy of plaintiff's complaint and gave him an opportunity to amend. In his second amended complaint, plaintiff alleges the following facts; the Court accepts them as true for purposes of the instant motion and draws all reasonable inferences in plaintiff's favor.

Plaintiff's allegations are lengthy and, at times, incoherent. He is in the midst of divorce proceedings with his wife in DuPage County. Plaintiff says that he is indigent and, therefore, sought legal assistance from DLAF. DLAF is a 501(c)(3) not for profit corporation and is the only source of legal aid in DuPage County. DLAF assigned defendant Cecilia Najera to assist plaintiff

with his divorce proceedings. Ms. Najera represented plaintiff for several months and then withdrew as counsel.[1] Plaintiff returned to DLAF, and the office manager, defendant Roe, informed plaintiff that he could not apply for legal aid without approval from the board of directors.[2] Plaintiff then filed this suit.[3] He alleges that defendants violated Titles II and III of the ADA by discriminating against him based on his gender and emotional disabilities, engaged in a civil conspiracy of harassment and intimidation, and intentionally caused him severe emotional distress. Defendants move to dismiss, arguing that Titles II and III of the ADA do not apply to them and that plaintiff has failed to sufficiently plead his claims.

---

[1] Plaintiff says that Ms. Najera's reason for withdrawing as counsel – that his financial affidavit was incomplete – was simply a pretext. (Dkt. 18, ¶¶ 47-53.) He generally claims that Ms. Najera disrespected, harassed, and verbally abused him based on his gender and emotional disabilities. He says that he sought reasonable accommodation from Ms. Najera and asked that she not (a) yell and shout at him; (b) hurl verbal abuse and profanity at him; (c) disrespect him; (d) advocate for his wife; (e) advocate for the Hamdard Center, an entity that he was suing; (f) protect and advocate for her former clients who filed numerous false police reports, false DCFS reports, and numerous false actions against him; (g) call him a criminal; and (h) inflict intentional emotional distress. (Dkt. 18, ¶ 38.) He goes on to say that Ms. Najera is "a pathological liar by the soul and to the core," that "[i]f there is a human being on the planet earth who comes anywhere close to be [sic] a wild animal, that is [Ms. Najera]. Even wild animals look after their fellows in distress as seen on Animal Planet and Nat Geo Wild," and that Ms. Najera "is unfit to live in a civilized society." (Dkt. 20, p. 12, ¶¶ 109-110.) Curiously, he further complains about the attorneys representing Ms. Najera in the instant suit, claiming that "Defendant's Lead Counsel sits in his cozy office and mischaracterizes Statutes, Laws and Facts in a willful and reckless manner and his sidekick appears in Court and lies with a straight face." (*Id.* ¶ 125.)

[2] Defendants denied plaintiff's legal aid application on April 20, 2018, after he had initiated this suit. (Dkt. 18, ¶ 57.)

[3] Plaintiff has recently filed similar lawsuits in this district regarding his dissatisfaction with his divorce proceedings in DuPage County. All of his complaints have been dismissed. *See, e.g., Mohammed v. Hamdard Ctr for Health and Human Servs, et. al.*, Case No. 18 C 2638 (N.D. Ill. Apr. 18, 2018) (Gettleman, J.) (finding plaintiff's claims that defendants violated Titles II and III of the ADA frivolous in that plaintiff failed to tie any of defendants' actions to plaintiff's alleged disability (diabetes)); *Mohammed v. Prairie State Legal Services, Inc., et. al.*, Case No. 18 C 4248 (N.D. Ill. June 22, 2018) (Guzman, J.) (finding plaintiff's claims that defendants discriminated against him based on his disabilities (diabetes, anxiety, depression, and insomnia) and denied him legal aid in violation of the ADA, conspired to harass him, and intentionally inflicted emotional distress upon him to be frivolous).

**STANDARD**

The purpose of a Rule 12(b) motion to dismiss is to test the sufficiency of the complaint, not decide the merits of the case. *Derfus v. City of Chi.*, 42 F. Supp. 3d 888, 893 (7th Cir. 2014). To survive a motion to dismiss pursuant to Rule 12(b)(6), a pleading that purports to state a claim for relief must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim satisfies this standard when its factual allegations "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56; *see also Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) ("[P]laintiff must give enough details about the subject-matter of the case to present a story that holds together."). For purposes of a motion to dismiss, the Court accepts "as true all of the well-pleaded facts in the complaint and draws all reasonable inferences in favor of the plaintiff." *Platt v. Brown*, 872 F.3d 848, 851 (7th Cir. 2017). "A document filed *pro se* is to be liberally construed, … and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Beal v. Beller*, 847 F.3d 897, 902 (7th Cir. 2017).

**DISCUSSION**

As an initial matter, plaintiff improperly attempts to add two new § 1983 claims (a class-of-one equal protection claim and a substantive due process claim) in his response to defendants' motion to dismiss. (*See* dkt. 20, ¶¶ 122, 123.) Plaintiff may not, however, amend his complaint by raising new claims in his response to defendants' motion to dismiss. *Wooley v. Jackson Hewitt, Inc.*, 540 F. Supp. 2d 964, 972 (N.D. Ill. Mar. 25, 2018). Accordingly, the Court will not consider these claims or any new arguments raised by plaintiff in his response to defendants' motion to dismiss.

*Counts I and II – ADA Violations*

Plaintiff alleges that defendants violated Titles II and III of the ADA when they denied him legal aid and legal representation based on his gender and emotional disabilities. 42 U.S.C. §§ 12132, 12182. The ADA prohibits discrimination against persons with disabilities. *Ashby v. Warrick Cty. Sch. Corp.*, 908 F. 3d 225, 230 (7th Cir. 2018). Title II forbids discrimination related to public services, programs, and activities, whereas Title III forbids discrimination related to public accommodations. *Id*. Defendants first move to dismiss, arguing that plaintiff's claims fail because Titles II and III of the ADA do not apply to them as alleged. The Court agrees.

To establish a claim under Title II of the ADA, plaintiff must show that (1) he is a qualified individual with a disability as defined by the statute; (2) he was excluded from a benefit provided by the public entity; and (3) the exclusion was because of his disability. *United States v. N. Ill. Special Recreation Ass'n*, 168 F. Supp. 3d 1082, 1091 (N.D. Ill. Mar. 2, 2016); 42 U.S.C. §12132. Defendants first say that they are not considered a public entity within the meaning of the ADA. A "public entity" is defined under the ADA as "(a) any State or local government; (b) any department, agency, special purpose district, or other instrumentality of a State or States or local government; and (c) the National Railroad Passenger Corporation, and any commuter authority (as defined in section 24102(4) of Title 49)." 42 U.S.C. §12131(1). In his second amended complaint, plaintiff alleges that DALF is a 501(c)(3) not for profit corporation. He says that Ms. Najera's status as a Guardian Ad Litem and licensed attorney makes her an officer of the DuPage County Circuit Court. He further says that Ms. Najera is a contractor of the DuPage County Circuit Court. Plaintiff makes no allegation as to Ms. Roe. These allegations are insufficient to show that defendants are a public entity under Title II of the ADA. And plaintiff has provided the Court with no persuasive authority to suggest otherwise.

Defendants next argue that plaintiff has failed to allege that he has a qualified disability as defined under the ADA. A person is considered to have a disability when that person has "(i) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (ii) a record of such an impairment; or (iii) being regarded as having such an impairment as described in paragraph (f) of this section." 28 C.F.R. § 36.105(a)(1). While plaintiff says that he has an emotional disability, he fails to show how defendants allegedly discriminated against him on the basis of his emotional disability. In other words, plaintiff does not provide a connection between defendants' behavior and his disability. *See also, Mohammed v. Hamdard Ctr for Health and Human Servs, et. al.*, Case No. 18 C 2638 (N.D. Ill. Apr. 18, 2018) (Gettleman, J.) (finding plaintiff's claims that defendants violated Titles II and III of the ADA frivolous in that plaintiff failed to tie any of defendants' actions to plaintiff's alleged disability (diabetes)); *Mohammed v. Prairie State Legal Services, Inc., et. al.*, Case No. 18 C 4248 (N.D. Ill. June 22, 2018) (Guzman, J.) (finding plaintiff's claims that defendants discriminated against him based on his disabilities (diabetes, anxiety, depression, and insomnia) and denied him legal aid in violation of the ADA, conspired to harass him, and intentionally inflicted emotional distress upon him to be frivolous).

For these reasons, the Court finds that plaintiff has failed to plausibly allege an ADA violation, and Counts I and II are dismissed.

***Counts III and IV – State Law Claims***

The only remaining claims are plaintiff's state law claims. A district court may decline to exercise supplemental jurisdiction over a state law claim if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. 1367(c)(3). Considering that this case is

still in its early stages and a new judge will not have to redo work this Court has already done, the Court declines to exercise supplemental jurisdiction over plaintiff's remaining state law claims.

## CONCLUSION

For the aforementioned reasons, defendants' motion to dismiss [19] is granted. Civil case terminated.

Date: 1/31/2019

_____
Jorge L. Alonso
United States District Judge